| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>11-1526-TT |
|---|---|---|
| PLAINTIFF<br><br>TAMMY WATKINS | DEFENDANT<br><br>POLLOCK PRINTING, INC. | |

| TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>POLLOCK PRINTING, INC.<br>c/o Harold Reeves, Registered Agent John C. Norris, III, Esq.<br>640 Spence Lane, Suite 218  Jackson Lewis LLP<br>Nashville, TN 37217<br>999 Shady Grove Rd, #110<br>Memphis, TN 38120<br><br>List each defendant on a separate summons. | Method of Service:<br><br>☑ Certified Mail<br>☐ Davidson Co. Sheriff<br>☐ *Comm. Of Insurance<br>☐ *Secretary of State<br>☐ *Out of County Sheriff<br>☒ Private Process Server<br>☐ Other<br>    *Attach Required Fees |
|---|---|

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Anne C. Martin<br>Bone McAllester Norton PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>(615) 238-6300 | FILED, ISSUED & ATTESTED<br><br>NOV - 7 2011<br><br>CRISTI SCOTT, Clerk and Master<br>By:     1 Public Square<br>        Suite 308<br>        Nashville, TN 37201<br><br>        Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |
|---|---|

\*\*\*Submit one original plus one copy for each defendant to be served.

ADA Coordinator, Cristi Scott (862-5710)

{00675272.1}

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TAMMY WATKINS, | ) |
| Plaintiffs, | ) |
| v. | ) No. 11-1526-II |
| | ) JURY DEMAND |
| POLLOCK PRINTING, INC., | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Tammy Watkins, through counsel, files this Complaint against Defendant Pollock Printing, Inc., and for cause of action shall state and show the following:

### I. PARTIES

1. Plaintiff, Tammy Watkins ("Watkins"), is a citizen and resident of Portland, Sumner County, Tennessee.

2. Defendant, Pollock Printing, Inc. ("Pollock Printing"), is an active Tennessee for-profit corporation with its principal office located at 928 Sixth Avenue South, Nashville, Tennessee 37203. Harold Reeves is the Registered Agent for Pollock Printing and may be served with process at 640 Spence Lane, Suite 218, Nashville, Tennessee 37217.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to T.C.A. §§ 16-11-101, 4-21-401 and 50-1-304.

4. This Court has venue over this matter pursuant to T.C.A. § 20-4-101.

## III. FACTS

5. Pollock Printing is a commercial printing company that has been in business since 1972 in Nashville, Tennessee.

6. Watkins was hired by Pollock Printing on October 27, 1997 as a machine operator. During her tenure with Pollock Printing, Watkins was trained and worked on all of its production machines, as well as all other jobs in the production area of the business.

7. On September 8, 2009, Watkins fell while working at Pollock Printing on a binder machine and tore her anterior cruciate ligament and crushed the meniscus in her right knee. Watkins immediately reported the injury to her supervisor at Pollock Printing, as required by the Tennessee Worker's Compensation Act, and was given access to treating physicians.

8. Pollock Printing reported Watkins' injury to its worker's compensation carrier, Liberty Mutual Insurance Company ("Liberty Mutual"). Liberty Mutual opened a claim file regarding Watkins' injury and paid her benefits, as well as her related medical bills, for the injury.

9. For the fourteen months following Watkins' worker's compensation injury, Watkins received treatment for her knee and was paid temporary total disability benefits during periods she was unable to work. Watkins missed work, necessitated by her knee injury, from the date of the injury through February 9, 2010. After having knee surgery and physical therapy, Watkins was released to return to work on February 9, 2010, but was only able to work a few months, when she had to take additional time off of work for another knee surgery on July 22, 2010, and physical therapy.

10. According to Watkins' treating physician, Watkins reached maximum medical improvement, and was released to return to work at Pollack Printing, on November 2, 2010. As a condition of her release, Watkins had minimal restrictions, which were a 25 pound lifting restriction, standing limited to 4-6 hours per day, sitting limited to 6 hours per day, and walking limited to 2 hours per day. Watkins immediately informed Pollock Printing of her release and the associated restrictions.

11. Pollock Printing did not return Watkins to work upon her medical release.

12. On November 8, 2010, Pollock Printing terminated Watkins, claiming it could not accommodate her restrictions and stating that its management was worried she would "get hurt again" at work. Watkins disputes that her restrictions could not have been accommodated and had, in fact, worked sitting in the past. She also disputes the legitimacy of Pollock Printing's concern about her having another worker's compensation injury.

13. Watkins had a resulting disability, had a record of a disability or was regarded as having a disability as a result of her worker's compensation injury, even upon release by her physician to return to work.

14. Pollock Printing has terminated other employees in retaliation for reporting worker's compensation injuries in the past, because of resulting disabilities, rather than returning them to work.

15. Watkins' worker's compensation injury and resulting disability was the sole reason for her termination from employment at Pollock Printing.

16. Watkins was qualified for available positions at Pollock Printing when she was released by her worker's compensation physician.

17. Watkins suffered an adverse employment action by Pollock Printing because of her worker's compensation injury and her resulting disability.

18. Pollock Printing did not offer Watkins continued medical insurance coverage for herself and her children as required by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.* and 42 U.S.C. § 300bb-1 *et seq.* ("COBRA"). Watkins could not afford to obtain other medical insurance benefits for herself and her children.

19. Watkins, as a result of Pollock Printing's termination of her employment in retaliation for her worker's compensation injury and because of her disability, has suffered damages including, but not limited to, lost wages and benefits, embarrassment and humiliation, pain and suffering, out of pocket expenses, including attorney's fees and other costs of this litigation.

20. Pollock Printings's actions were intentional and in reckless disregard to Watkins' rights.

## IV. LEGAL CLAIMS

### Count 1 – Common Law Retaliatory Discharge

21. Watkins hereby incorporates by reference paragraphs 1 - 20 above with the same force and effect as if fully set forth below.

22. At all times relevant to this action, Watkins was an at-will employee of Pollock Printing.

23. Pollock Printing engaged in conduct designed to retaliate against Watkins and did, in fact, retaliate against her on November 8, 2010 when it terminated her employment because of her worker's compensation injury and resulting disability.

24. Watkins' conduct which triggered the retaliation was constitutionally and statutorily protected, or otherwise in accord with public policy. Watkins' exercise of such rights, and her resulting disability, was the reason for Pollock Printing's discharge of her.

25. Pollock Printing retaliated against Watkins because of her filing of a worker's compensation claim, resulting in substantial damages, including lost wages and benefits, embarrassment and humiliation, pain and suffering, and costs and attorney's fees related to this action.

### Count 2 – Retaliatory Discharge Tenn. Code Ann. § 50-1-304

26. Watkins hereby incorporates by reference paragraphs 1 – 24 above with the same force and effect as if fully set forth below.

27. At all times relevant to this action, Watkins was an at-will employee of Pollock Printing.

28. Pollock Printing is an employer as defined in T.C.A. §50-1-304.

29. As specifically set out hereinabove, Watkins availed herself of her rights to worker's compensation benefits by filing a claim following her workplace injury.

30. On November 8, 2010, Pollock Printing terminated Watkins's employment.

31. Pollock Printing terminated Watkins in retaliation for filing a worker's compensation claim, and because of her resulting disability, in violation of Tenn. Code Ann. § 50-1-304.

32. Pollock Printing retaliated against Watkins because of her filing of a worker's compensation claim, resulting in substantial damages, including lost wages and

benefits, embarrassment and humiliation, pain and suffering, and costs and attorney's fees related to this action.

### Count 3 – Tennessee Disability Act, T.C.A. §8-50-103, *et seq.*

33. Watkins hereby incorporates by reference paragraphs 1 - 32 above with the same force and effect as if fully set forth below.

34. Watkins' medical condition, resulting from her worker's compensation injury, constitutes a disability pursuant to the terms of T.C.A. §4-21-102.

35. Pollock Printing is an employer as defined in T.C.A. §4-21-102.

36. Pollock Printing discriminated against Watkins because of her disability, or perceived disability, when it terminated her employment rather than returning her to work after her medical release.

37. As a result of Pollock Printing's unlawful actions, Watkins has sustained damages, including lost wages and benefits, embarrassment and humiliation, pain and suffering, and costs and attorney's fees related to this action.

38. Watkins is afforded a private right of action for Pollock Printing's discriminatory actions pursuant to Tenn. Code Ann. § 4-21-311 (a), through which she is entitled to recover lost wages, benefits, damages for embarrassment and humiliation, attorney's fees and costs pursuant to T.C.A. §§ 4-21-306(7) and 311(b).

### V. PRAYER FOR RELIEF

For the reasons stated herein, Tammy Watkins prays for the following relief:

1. That proper process issue requiring Pollock Printing to respond to this Complaint within the time period by law;

2. For a trial by a jury of twelve (12);

3. For a judgment against Pollock Printing for back pay, front pay in lieu of reinstatement, and compensatory damages for the injuries caused by its unlawful conduct, and all other actual damages, in an amount to be determined by the jury;

4. For a judgment against Pollock Printing for punitive damages in an amount to be determined by the jury; and

5. For an award of reasonable attorney's fees and costs against Defendant Pollock Printing in accordance with Tenn. Code Ann. § 50-1-304 and T.C.A. § 4-21-311(b);

6. For costs to be assessed against Pollock Printing including discretionary costs, if necessary; and

7. For such other relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED:**

**BONE McALLESTER NORTON, PLLC**

BY: _____
ANNE C. MARTIN, #15536
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6300
*Attorney for Plaintiff Tammy Watkins*