UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY WATKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-1235 |
| | ) Judge Sharp |
| POLLOCK PRINTING, INC., | ) ) |
| Defendant. | ) |

## ORDER

After Defendant removed this case from the Davidson County Chancery Court based upon federal question jurisdiction, Plaintiff filed a Motion to Remand (Docket No. 8) to which Defendant responded in opposition (Docket No. 11). Plaintiff's Motion to Remand will be granted.

Defendant removed this case pursuant to Section 1441which, in relevant part, provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "'[B]ecause the 'arising under' language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331'" which grants district courts "original jurisdiction over 'actions arising under the Constitution, laws, or treaties of the United States.'" Eastman v. Marine Mechanical Corp., 438 F.3d 544, 550 (6th Cir. 2006) (citations omitted). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." Id.

1

Whether a case is properly removed under federal question jurisdiction is "governed by the well-pleaded complaint rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff, as the pleader, is the master of her complaint and "decides what law [s]he will rely upon[.]'" Eastman, 438 F.3d at 550 (citations omitted).

In this case, and notwithstanding the statement in paragraph 18 of the Complaint that Defendant did not offer Plaintiff "continued medical insurance coverage . . . as required by the Consolidated Omnibus Budget Reconciliation Act [COBRA], 29 U.S.C. § 1161," (Docket No. 1-1 at 4), Plaintiff's claims clearly arise under state, not federal law. Specifically, Plaintiff sets forth three counts – a common law retaliatory discharge claim, retaliatory discharge in violation of Tenn. Code Ann. § 50-1-304, and a violation of the Tennessee Disability Act, Tenn. Code Ann. §§ 8-5-130, *et seq.* Since no federal claims are pled, remand is appropriate.

Although not a part of the Motion, Plaintiff requests in her accompanying Memorandum that the Court award her attorney's fees in having to make the Motion to Remand. "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." Warthman v. Genoa Twp. Bd. of Tr., 549 F.3d 1055, 1059 (6th Cir. 2008). "'Absent unusual circumstances,' . . . fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" Id. (quoting, Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). In light of Plaintiff's reference to Defendant's alleged failure to continue medical insurance coverage as required by COBRA, Defendant's decision to remove was not unreasonable, and the Court declines to award attorneys fees related to the Motion to Remand.

Accordingly, Plaintiff's Motion to Remand (Docket No. 8) is hereby GRANTED, and this

2

case is hereby REMANDED to the Davidson County Chancery Court. Each party shall bear their own costs and attorney's fees in relation to the Motion to Remand.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

3